David Newman (Bar No. 246351)
david@tilg.us
Richard A. De Liberty (Bar No. 203754)
richard@tilg.us
John Rosenthal (Bar No. 206126)
john@tilg.us
THE INTERNET LAW GROUP
9100 Wilshire Boulevard, Suite 725E
Beverly Hills, CA 90212
Tel. (310) 910-1496

James M. Lennon (*pro hac vice* forthcoming)
jlennon@devlinlawfirm.com
Andrew DeMarco (*pro hac vice* forthcoming)
ademarco@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone:  (302) 449-9010
Facsimile:  (302) 353-4251

*Attorneys for Plaintiffs Mitsubishi Electric
Corporation, and Sisvel International S.A.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITSUBISHI ELECTRIC CORPORATION AND SISVEL INTERNATIONAL S.A., <br><br> Plaintiffs, <br><br> v. <br><br> TCL COMMUNICATION TECHNOLOGY HOLDINGS LIMITED, TCT MOBILE INTERNATIONAL LIMITED, TCT MOBILE, INC., TCT MOBILE (US) INC., and TCT MOBILE (US) HOLDINGS INC., <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR PATENT INFRINGEMENT OF:** <br> **1.  U.S. PATENT NO. 9,635,656;** <br> **2.  U.S. PATENT NO. 9,713,068;** <br> **3.  U.S. PATENT NO. 10,200,976.** <br><br> DEMAND FOR JURY TRIAL |

Plaintiffs Mitsubishi Electric Corporation, and Sisvel International S.A.,

(collectively, "Plaintiffs"), for their Complaint against Defendants TCL Communication

Technology Holdings Limited, TCT Mobile International Limited, TCT Mobile, Inc.,

TCT Mobile (US) Inc., and TCT Mobile (US) Holdings Inc. (collectively "TCL" or "Defendants"), allege the following:

## SUMMARY OF THE ACTION

1.     This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## THE PARTIES

2.     Plaintiff Mitsubishi Electric Corporation ("MELCO") is an entity organized under the laws of Japan with a place of business at 7-3, Marunouchi 2-Chome, Chiyoda-Ku, Tokyo 100-8310, Japan.

3.     Plaintiff Sisvel International S.A. ("Sisvel") is an entity organized under the laws of Luxembourg with a place of business at 6, Avenue Marie Thérèse, 2132 Luxembourg, Grand Duchy of Luxembourg.

4.     Founded in 1921, MELCO has been at the forefront of technical ingenuity and product innovation.  From its first commercial product, an electric fan, MELCO has created a long list of groundbreaking new technologies that have shaped its business fields all around the world.

5.     Today, MELCO provides integrated solutions to address diversifying social challenges, in the four fields of Life, Industry, Infrastructure and Mobility uniting all the capabilities inside and outside of MELCO.  MELCO unites all the capabilities from R&D to sales and service, to create technology synergies through optimal combinations of strong technological assets which encompass a wide range of technical fields.

6.     Founded in Italy in 1982, Sisvel is a world leader in fostering innovation and managing intellectual property.  Sisvel works with its partners offering a comprehensive approach to patent licensing: from issuing initial calls for essential patents; facilitating discussions among stakeholders; developing multiparty license agreements; executing and administering licenses; to collecting and distributing royalties.  At the same time, Sisvel actively promotes a culture of respect and understanding of the intellectual property and innovation ecosystem through, for example, its regular presence at the key

consumer electronics trade fairs and intellectual property events, participation in policy discussions and conferences, as well as open dialogues with a number of government bodies, standard-setting organizations and industry associations.

7.      In early 2016, Sisvel initiated licensing activities in North America via its U.S. subsidiary, Sisvel US Inc.

8.      Upon information and belief, Defendant TCL Communication Technology Holdings Limited is a corporation organized and existing under the laws of the Cayman Islands, with its principal place of business at Block F4, TCL Communication Technology Building, TCL International E City, Zhong Shan Yuan Road, Nanshan District, Shenzhen, Guangdong, P.R. China, 518052.

9.      Upon information and belief, Defendant TCT Mobile International Limited is a corporation organized and existing under the laws of China, with its principal place of business at 5th Floor Building 22E No. 22 Science Park East Avenue, Hong Kong Science Park, Sha Tin, Hong Kong, China.

10.     Upon information and belief, Defendant TCT Mobile, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 25 Edelman, Suite 200, Irvine, California 92618.

11.     Upon information and belief, Defendant TCT Mobile (US) Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 25 Edelman, Suite 200, Irvine, California 92618.

12.     Upon information and belief, Defendant TCT Mobile (US) Holdings, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 25 Edelman, Suite 200, Irvine, California 92618.

13.     Upon information and belief, Defendants sell and offer to sell products and services throughout the United States, including in this judicial district, and introduce products and services that enter into the stream of commerce and that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

14.     This Court has jurisdiction over the subject matter jurisdiction of this case under 28 U.S.C. §§ 1331 (federal question) and 1338(a) (patent law - 35 U.S.C. § 101, et seq.).

15.     This Court has personal jurisdiction over Defendants, because Defendants have sufficient minimum contacts within the State of California and this District, pursuant to due process and/or the Cal. Code Civ. Proc § 410.10, as Defendants have purposefully availed themselves of the privileges of conducting business in the State of California by regularly conducting and soliciting business within the State of California and within this District, and because Plaintiffs' causes of action arise directly from Defendants' business contacts and other activities in the State of California and this District.  Further, this Court has personal jurisdiction over TCT Mobile, Inc., TCT Mobile (US) Inc., and TCT Mobile (US) Holdings, Inc. because they reside in the State of California and have purposely availed themselves of the privileges and benefits of the laws of the State of California.

16.     Venue is proper in this judicial district as to TCT Mobile, Inc., TCT Mobile (US) Inc., and TCT Mobile (US) Holdings, Inc. under 28 U.S.C. § 1400(b) because they reside in the State of California.

17.     Venue is proper in this judicial district as to TCL Communication Technology Holdings Limited and TCT Mobile International Limited because they are foreign corporations that may be sued in any judicial district under 28 U.S.C. § 1391(c).

## FACTUAL BACKGROUND

### Accused Instrumentalities

18.     Defendants make, use, sell and offer for sale, provide, and/or cause to be used, now and within the past six years mobile devices and data terminals made, used, sold and offered for sale, provided, and/or caused to be used, now and within the past six years, which are capable of communicating over LTE (Long Term Evolution) wireless

communication networks within the United States.  Defendants' LTE-compliant devices are referred to herein, collectively as the "Accused Instrumentalities".

19.     The LTE standard was developed by the 3GPP (3rd Generation Partnership Project), as specified in its Release 8 document series, along with minor enhancements described in Release 9.  LTE is sometimes referred to as "3.95G" or "4G LTE" or "Advanced 4G".

20.     In wireless communications, "4G" refers to the fourth generation of broadband cellular network technology and/or its corresponding standard.  4G compliant devices are configured to operate on LTE networks, i.e., in conformance with the LTE standard.

21.     Each of the Accused Instrumentalities is marketed by Defendants to be LTE-compatible, i.e., compliant with the LTE standard, either expressly as "LTE" or by reference to compatibility with "4G" compliant networks, which also requires such devices to be compatible with the LTE standard.  Examples of the Accused Instrumentalities are included in Exhibit A.  The claim charts included herein as Exhibits B2, C2, and D2 demonstrate TCL's infringement by comparing each element of the asserted claims to corresponding components, aspects, and/or features of the relevant Specification sections of the LTE standard.

**Asserted Patents**

22.     Plaintiffs are the owners by assignment of a portfolio of patents, including the three patents described in detail in the counts below (collectively, the "Asserted Patents"), that relate to technology for cellular communications networks, including variations or generations of cellular communication network technology such as, but not limited to LTE.

23.     Cellular communication network technology is used to provide data transmission across mobile cellular networks.

24.     U.S. Patent No 9,635,656 ("the '656 patent") was assigned to MELCO directly from the inventors who were employed by MELCO during the time of the invention.

25.     U.S. Patent No 9,713,068 ("the '068 patent") was assigned to MELCO directly from the inventors who were employed by MELCO during the time of the invention.

26.     U.S. Patent No 10,200,976 ("the '976 patent") was assigned to MELCO directly from the inventors who were employed by MELCO during the time of the invention.

27.     MELCO is the rightful owner of the Asserted Patents and hold the entire right, title and interest in the Asserted Patents, subject to sublicensing and enforcement rights granted by MELCO to Sisvel.

28.     Sisvel has a license from MELCO to assert the Asserted Patents in the United States, along with the right to sublicense the Asserted Patents and to grant releases and covenants not to sue.

29.     Collectively, MELCO and Sisvel own all rights, title and interest in the Asserted Patents.

30.     Sisvel sent correspondence to Defendants on August 28, 2014 offering Defendants a license to patents owned and/or managed by Sisvel that are essential to the 4G cellular standard and attaching a list of 4G essential patents.  On July 10, and October 6, 2015, Sisvel sent additional correspondences about the 4G essential patents with links to the Sisvel website listing the patents it was offering to license to Defendants.  On January 25, 2016, Sisvel sent correspondence to Defendants introducing its patents that are 3G essential.

31.     On January 28, 2016, Sisvel sent an email with a list of 4G essential patents attached.  Additional correspondence was sent on February 22, 2016 and June 3, 2016.

32.     Sisvel sent additional communications on March 19, 2018 and July 20, 2018, offering to license the offered patents.

33.    On July 23, 2018 Sisvel sent a letter to Defendants that included a link to materials on Sisvel's website, which specifically identified the '656 and '068 patents.  On July 24, 2018, Sisvel sent a similar letter providing a link to materials on Sisvel's website, which specifically identified the '656 and '068 patents.

## FIRST CLAIM

### Infringement of U.S. Patent No. 9,635,656

34.    Plaintiffs incorporate by reference the general allegations set forth above.

35.    On April 25, 2017, the '656 patent, entitled "Data Communication Method, Communication System and Mobile Terminal" was duly and legally issued from Patent Application No. 14-587,726 patent application filed on December 31, 2014.  The '656 patent claims priority to U.S. Patent No. 9,019,983 filed on December 27, 2006.  A true and correct copy of the '656 patent is attached as Exhibit B1.

36.    At least claim 3 of the '656 patent recites "a mobile terminal" that Plaintiffs assert is essential under the LTE standard as illustrated in the chart attached hereto as Exhibit B2.  Thus, Defendants' Accused Instrumentalities, each of which are advertised to be compliant with the LTE and/or 4G standards, are necessarily infringing the '656 patent.

37.    Defendants were made aware of the '656 patent and its infringement thereof by correspondence from Plaintiffs on July 23, 2018, as discussed in paragraph 34 above.

38.    Defendants were further made aware of the '656 patent and its infringement thereof at least as early as the date of filing of this Complaint.

39.    Upon information and belief, Defendants have and continue to directly infringe at least claim 3 of the '656 patent by making, using, selling, importing, and/or offering for sale the Accused Instrumentalities, each of which infringe at least claim 3 of the '656 patent.

40.    Plaintiffs have been harmed by Defendants' infringing activities.

## SECOND CLAIM

### Infringement of U.S. Patent No. 9,713,068

41.    Plaintiffs incorporate by reference the general allegations set forth above.

42.    On July 18, 2017, the '068 patent, entitled "Mobile Communication System" was duly and legally issued by the United States Patent and Trademark Office from Patent Application No. 13/127,632 filed on October 26, 2009.  A true and correct copy of the '068 patent is attached as Exhibit C1.

43.    At least claim 3 of the '068 patent recites a configuration of  "user equipments" that Plaintiffs believe is assert is essential under the LTE cellular standard as illustrated in the chart attached hereto as Exhibit C2.  Thus, Defendants' Accused Instrumentalities, each of which are advertised to be compliant with the LTE and/or 4G standards, are necessarily infringing the '068 patent.

44.    Defendants were made aware of the '068 patent and its infringement thereof by correspondence from Plaintiffs on July 23, 2018, as discussed in paragraph 34 above.

45.    Defendants further were made aware of the '068 patent and its infringement thereof at least as early as the date of filing of this Complaint.

46.    Upon information and belief, Defendants have and continue to directly infringe at least claim 3 of the '068 patent by making, using, selling, importing, and/or offering for sale the Accused Instrumentalities, each of which infringe at least claim 3 of the '068 patent.

47.    Plaintiffs have been harmed by Defendants' infringing activities.

## THIRD CLAIM

### Infringement of U.S. Patent No. 10,200,976

48.    Plaintiffs incorporate by reference the general allegations set forth above.

49.    On February 5, 2019, the '976 patent, entitled "Communication System and Communication Terminal Device Using Associated and Non-Associated Cells" was duly and legally issued by the United States Patent and Trademark Office from Patent Application No. 15/956,384 filed on April 18, 2018.  The '976 patent claims priority to

1  U.S. Patent No. 9,380,563 filed on December 20, 2011.  A true and correct copy of the

2  '976 patent is attached as Exhibit D1.

3       50.    At least claim 2 of the '976 patent recites "a communication terminal" that

4  Plaintiffs assert is essential under the LTE cellular standard as illustrated in the chart

5  attached hereto Exhibit D2.  Thus, Defendants' Accused Instrumentalities, each of which

6  are advertised to be compliant with the LTE and/or 4G standards, are necessarily

7  infringing the '976 patent.

8       51.    Defendants were made aware of the '976 patent and its infringement thereof

9  at least as early as the date of filing of this Complaint.

10      52.    Upon information and belief, Defendants have and continue to directly

11 infringe at least claim 2 of the '976 patent by making, using, selling, importing, and/or

12 offering for sale the Accused Instrumentalities, each of which infringe at least claim 2 of

13 the '976 patent.

14      53.    Plaintiffs have been harmed by Defendants' infringing activities.

15 **PRAYER**

16     WHEREFORE, Plaintiffs pray for judgment for itself and against Defendants as

17 follows:

18             A.    An adjudication that Defendants have infringed the '656, '068 and

19               '976 patents;

20             B.    An award of damages to be paid by Defendants adequate to

21               compensate Plaintiffs for Defendants' past infringement of the '656,

22               '068 and '976 patents, and any continuing or future infringement

23               through the date such judgment is entered, including interest, costs,

24               expenses and an accounting of all infringing acts including, but not

25               limited to, those acts not presented at trial;

26             C.    A declaration that this case is exceptional under 35 U.S.C. § 285, and

27               an award of Plaintiffs' reasonable attorneys' fees; and

28

D.      An award to Plaintiffs of such further relief at law or in equity as the Court deems just and proper.

### **JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues raised by this Complaint.

DATED: May 27, 2022                    THE INTERNET LAW GROUP

*/s/ David Newman*
David Newman
Attorneys for Plaintiffs Mitsubishi Electric Corporation, and Sisvel International S.A.
Attorneys for Plaintiffs
Mitsubishi Electric Corporation and Sisvel International S.A.